[Cite as *Sites v. Chad Turner Enterprises, L.L.C.*, 2011-Ohio-6039.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ROBERT SITES, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant, | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| v. | : | |
| | : | |
| CHAD TURNER ENTERPRISES, LLC, | : | Case No. 11-CA-23 |
| | : | |
| Defendant-Appellee. | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                                         Pleas, Case No. 09CV1412

JUDGMENT:                                      Affirmed/Reversed in Part; Judgment
                                                         Entered

DATE OF JUDGMENT:                      November 21, 2011

APPEARANCES:

For Plaintiff-Appellant                       For Defendant-Appellee

MILES D. FRIES                                 ROGER WARNER
320 Main Street                                 PAUL L. WALLACE
P.O. Box 190                                     171 East Livingston Avenue
Zanesville, OH  43702-0190              Columbus, OH  43215

*Farmer, J.*

{¶1} On April 1, 2009, appellant, Robert Sites, was operating a tractor-trailer in the state of Arizona for his employer, appellee, Chad Turner Enterprises, LLC. On said date, appellant pulled into a weigh station as required by law and produced his paperwork. Missing from the paperwork was a valid fuel license. As a result, appellant received a traffic citation for driving a commercial vehicle without a valid fuel license. The fine was $300.00. Appellant understood that Mr. Turner would take care of the traffic citation.

{¶2} Appellant was terminated from appellee's employ on April 23, 2009. In June of 2009, appellant discovered the traffic citation had never been paid. The Arizona Department of Transportation sent appellant a notice dated June 23, 2009 advising him that his commercial driver's license was suspended for non-payment of the traffic citation.

{¶3} Following some health issues, appellant attempted to go back to work in November of 2009 as a truck driver; however, he was unable to do so as he did not have a valid commercial driver's license.

{¶4} On October 27, 2009, appellant filed a complaint against appellee for negligence and breach of contract. A bench trial commenced on December 28, 2010. By judgment entry filed March 23, 2011, the trial court found in favor of appellee.

{¶5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶6} "THE TRIAL COURT ERRED IN DISMISSING THE NEGLIGENCE CLAIM AT THE CONCLUSION OF APPELLANT'S CASE."

II

{¶7} "THE TRIAL COURT COMMITTED ERROR BY FAILING TO PERFORM ITS MANDATORY DUTY TO APPORTION FAULT TO EACH PARTY IN THIS ACTION INVOLVING TORTIOUS CONDUCT."

III

{¶8} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR FAILING TO DECIDE IN FAVOR OF APPELLANT WHEN ALL OF THE ELEMENTS OF PROMISSORY ESTOPPEL WERE PROVEN."

IV

{¶9} "THE FAILURE TO AWARD APPELLANT DAMAGES BASED ON HIS DETRIMENTAL RELIANCE ON APPELLEE'S PROMISE WAS ERROR."

V

{¶10} "THE TRIAL COURT'S JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I, II

{¶11} Under these assignments of error, appellant challenges the trial court's decision on his negligence claim.

{¶12} In its judgment entry filed March 23, 2011, the trial court stated the following at Conclusion of Law Nos. 3, 4, 5, 6, 8, and 9:

{¶13} "3. At the conclusion of Plaintiff's case, Defendant moved for dismissal of Plaintiff's claims pursuant to Civ.R 41(B)(2). The court granted Defendant's motion in part and dismissed Plaintiff's claims based on negligence because the obligation to pay the citation as asserted by Plaintiff and denied by Defendant arose from a voluntary duty and not a duty imposed as a matter of law. The case was therefore allowed to proceed on the basis of contract claim.

{¶14} "The court should not have dismissed the Plaintiff's negligence claim on the basis that Defendant was a volunteer and could owe no duty to the Plaintiff as a volunteer.

{¶15} "Although the case proceeded on the contract basis, the court finds that the facts presented are sufficient and that the evidence is the same regardless of which theory is advanced by Plaintiff. Plaintiff argued both theories throughout the case and in his proposed findings of fact and conclusions of law. The emphasis of the Plaintiff's argument is on tort.

{¶16} "Therefore, the court will address the merits of both of the Plaintiff's claims;

{¶17} "4. The elements of a negligence claim are Duty, Breach of Duty, Causation, and Damages;

{¶18} "5. One who voluntarily undertakes an act which he has no duty to perform and another reasonably relies upon that undertaking, the act must generally be performed with ordinary care;

{¶19} "6. The legal duty which a defendant owes to the a (sic) plaintiff in any given case depends upon the surrounding facts and circumstances;

{¶20} "8. The comparative negligence statute provides for apportionment of damages determined to be directly and proximately caused by the negligence of more than one person. R.C. 2315.19;

{¶21} "9. If one party has been negligent and the other party has knowledge thereof, or is chargeable with such knowledge, he must thereafter act with reference to such negligence, and shut his eyes and claim that he relied upon a proper performance of duty by the other party."

{¶22} In *Greer v. National City Corporation*, Delaware App. No. 08CAE120076, 2009-Ohio-5172, this court held the following at ¶95:

{¶23} " 'Where the duty allegedly breached by the defendant is one that arises out of a contract, independent of any duty imposed by law, the cause of action is one of contract.' *Schwartz v. Bank One, Portsmouth, N.A.* (1992), 84 Ohio App.3d 806, 810, 619 N.E.2d 10, citing *Ketcham v. Miller* (1922), 104 Ohio St. 372, 377, 136 N.E. 145. The addition of the words 'intentionally' and 'willfully' into a claim do not change the nature of the cause of action. *Id.*"

{¶24} Based upon the clear law in Ohio, we find these assignments of error relating to the negligence claim not to be well taken.

{¶25} Assignments of Error I and II are denied.

### III

{¶26} Appellant claims the trial court erred in failing to decide in his favor under the theory of promissory estoppel. We agree in part.

{¶27} Promissory estoppel is defined in Restatement of the Law 2d, Contracts (1993), Section 90, as "[a] promise which the promisor should reasonably expect to

induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."

{¶28}  In its judgment entry filed March 23, 2011 under "Decisions," the trial court found "[o]n April 1, 2009, the Defendant's representative, Chad Turner, promised to pay the Arizona Traffic Ticket" and "[t]he Defendant made a promise upon which the Plaintiff relied."  The trial court went on to decide that appellant knew before his commercial driver's license was suspended in late June that "the Defendant had not paid the citation, and probably was not going to pay the citation.  The Plaintiff therefore created or negligently created most of his claimed damages."

{¶29}  Upon review, we find the trial court found there was a promise to pay. Therefore, although this assignment of error is correct, it is not technically correct because the trial court proceeded to find that appellant had failed to establish damages.

{¶30}  Assignment of Error III is granted.  The issue of damages is addressed in Assignments of Error IV and V.

IV, V

{¶31}  Appellant claims the trial court erred in not awarding damages.  We agree in part.

{¶32}  A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence.  *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279.  A reviewing court must not substitute its judgment for that of the trial court where there exists some competent

and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson,* 66 Ohio St.3d 610, 1993-Ohio-9.

{¶33}  In its judgment entry filed March 23, 2010 under "Decisions," the trial court specifically found appellant relied on the promise by Turner, but found appellant failed to establish his damages and failed to mitigate his own damages:

{¶34}  "The court also finds that the Plaintiff failed to prove by a preponderance of the evidence his damages.  Further, any damages, other than the cost of the citation, caused the Plaintiff were incurred because of Plaintiff's failure to mitigate his damages (contract theory) or due to comparative negligence (tort theory).

{¶35}  "The Plaintiff made a choice to ignore a known risk."

{¶36}  Appellant testified that Turner had promised to pay the $300.00 ticket.  T. at 35-36, 39; Plaintiff's Exhibit B.[1]  The ticket was to be paid by April 29, 2009.  T. at 35. Appellant was terminated from appellee's employ on April 23, 2009.  In June of 2009, appellant was told Turner would not pay the ticket.  T. at 41-45.  By this time, the time to appear had passed, but no action had been taken on a license suspension until June 23, 2009, the date the Arizona Department of Transportation notified appellant of his commercial driver's license suspension.  T. at 48.

{¶37}  Following neck surgery in June of 2009, appellant was ready to return to work in November of 2009; however, because his commercial driver's license had been suspended, he was unable to obtain work as a truck driver.  T. at 50-51.  Appellant made no attempt to rectify the situation for five months.

---

[1]The original ticket was not offered into evidence.  Appellant claimed it was unavailable. T. at 65.

{¶38} Appellant testified it would cost him $2,500.00 to get his license reinstated plus the $300.00 ticket. T. at 52. Without a commercial driver's license, he was unemployable as a truck driver. T. at 51. Appellant claimed his 2009 annual income for truck driving for appellee was to be $60,000.00. T. at 57. Appellant received worker's compensation and unemployment compensation in 2009. T. at 53-54, 98.

{¶39} Although appellant was correct that he did not have a valid commercial driver's license in November of 2009, Plaintiff's Exhibit E, an abstract driver's record from the Ohio Bureau of Motor Vehicle, noted his commercial driver's license was valid on September 2, 2010. T. at 81. However, upon renewal, appellant's application could not be processed because it stated, "[u]nable to proceed with application. Please contact Arizona." T. at 61, 83.

{¶40} Based upon the undisputed testimony that the cost of the ticket was $300.00 and the trial court's conclusion that payment of the ticket was promised and relied upon, we find there is ample evidence that appellant is owed $300.00. We concur with the trial court's position that once appellant knew Turner would not pay the ticket, the loss of his commercial driver's license and earning ability was a result of his failure to mitigate damages.

{¶41} Assignments of Error IV and V are granted in part.

{¶42} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed in part and reversed in part. Pursuant to App.R. 12(B), judgment is hereby entered for appellant in the amount of $300.00 plus interest and costs.

By Farmer, J.

Delaney, J. concur and

Hoffman, P.J. concurs separately.


_s/ Sheila G. Farmer_____


__s/ Patricia A. Delaney_____


_____

                    JUDGES

SGF/sg 1103

*Hoffman, P.J., concurring*

(¶43) I concur in the majority's analysis and disposition of Appellant's third, fourth and fifth assignments of error.

(¶44) I concur in the majority's disposition of Appellant's first and second assignments of error. However, I do not find Appellant's tort claim for negligence arises out of a contract. Nevertheless, I concur as the trial court corrected the error in its judgment entry as noted in the majority opinion.

_s/ William B. Hoffman_____
        HON. WILLIAM B. HOFFMAN

[Cite as *Sites v. Chad Turner Enterprises, L.L.C.*, 2011-Ohio-6039.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| ROBERT SITES, | : | |
| Plaintiff-Appellant, | : | |
| | : | |
| vs. | : | JUDGMENT ENTRY |
| | : | |
| CHAD TURNER ENTERPRISES, LLC, | : | |
| | : | |
| Defendant-Appellee. | : | CASE NO. 11-CA-23 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed in part and reversed in part. Pursuant to App.R. 12(B), judgment is entered for appellant in the amount of $300.00 plus interest and costs. Costs to appellee.

_s/ Sheila G. Farmer_____

_s/ William B. Hoffman_____

_s/ Patricia A. Delaney_____

JUDGES